U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
'10 SEP 17 AM 11:06
JON W. SANFILIPPO
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.     Case No. 10-CR-177

KLEMENT SAUSAGE COMPANY, INC.,

    Defendant.

## PLEA AGREEMENT

1.     The United States of America, by its attorneys, James L. Santelle, United States Attorney for the Eastern District of Wisconsin, and Gordon P. Giampietro, Assistant United States Attorney, and the defendant, Klement Sausage Company, Inc., which is a corporation organized under the laws of Wisconsin, by its duly authorized representative and by attorneys David S. Rosenbloom and Jocelyn D. Francoeur, of McDermott, Will & Emery, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.     The defendant has been charged in a one-count information which alleges a violation of Title 21, United States Code, Sections 610(c) and 676(a), and Title 18, United States Code, Section 3571(c)(5).

3. The defendant, by its duly authorized representative, has read and fully understands the charge contained in the information and fully understands the nature and elements of the crime with which the corporation has been charged. In addition, the terms and conditions of the plea agreement have been fully explained to the defendant's representative by its attorneys.

4. The defendant, by its duly authorized representative, voluntarily agrees to plead guilty to the information set forth in full as follows:

### *COUNT ONE*

*THE UNITED STATES ATTORNEY CHARGES:*

*On or about June 17, 2004, in the State and Eastern District of Wisconsin,*

### *KLEMENT SAUSAGE COMPANY, INC.*

*offered for sale and transportation in commerce articles capable of use as human food, to wit, beef summer sausages (batch no. 48442), that were misbranded at the time of such offer for sale and transportation in that, within the meaning of Title 21, United States Code, Section 601(n)(1), they contained a meat food product not reflected on the labels thereof.*

*All in violation of Title 21, United States Code, Sections 610(c) and 676(a), and Title 18, United States Code, Section 3571(c)(5) and (e).*

5. The defendant, by its duly authorized representative, acknowledges, understands, and agrees that the defendant is, in fact, guilty of the offense charged in count one. The parties acknowledge and understand that if this case were to proceed to trial, the

-2-

government would be able to prove the following facts beyond a reasonable doubt. The defendant admits to these facts and that these facts establish its guilt beyond a reasonable doubt:

Klement Sausage Company, Inc. ("Klement"), is a Wisconsin corporation which prepares, sells, and transports meat products. Klement operates under two grants of federal inspection at two separate locations, both of which are in Milwaukee, Wisconsin. Klement's two plants, therefore, are within the State and Eastern District of Wisconsin. Klement's products are distributed in Wisconsin and elsewhere, including but not limited to Illinois, Indiana and Iowa.

Pursuant to the Federal Meat Inspection Act ("FMIA"), the Secretary of the Department of Agriculture has the authority to regulate and inspect meat food products distributed in interstate or foreign commerce. *See* 21 U.S.C. § 602. The FMIA makes it unlawful to "sell, transport, offer for sale or transportation, in commerce, ... articles which (A) are capable of use as human food and (B) are ... misbranded at the time of such sale, transportation, offer for sale or transportation, or receipt for transportation. *See* 21 U.S.C. § 610(c). Under the FMIA, a meat food product is misbranded "if its labeling is false or misleading in any particular." *See* 21 U.S.C. § 601(n)(1).

On June 17, 2004, Investigators collected twenty-five samples of Klement beef products from a Klement warehouse in Milwaukee, Wisconsin. Subsequent laboratory

testing revealed the presence of meat food products in six samples that were not declared items on the packaging labels.[1]

On July 14, 2004, and as a result of the FSIS findings, Klement initiated a voluntary recall of approximately 54,488 pounds of product, involving seventeen different product codes.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of or participation in this offense.

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a guilty plea, Title 21, United States Code, Section 610(c), carries a maximum fine of $200,000 under Title 18, United States Code, Section 3571(c)(5); a maximum term of probation of 5 years under Title 18, United States Code, Section 3561(c)(2) and Sentencing Guidelines Manual § 8D1.2(a)(2); and a mandatory special assessment of $125 pursuant to Title 18, United States Code, Section 3013(a)(1)(B)(iii).

7. The defendant acknowledges, understands, and agrees that it has discussed the relevant statutes as well as the applicable sentencing guidelines with its attorney.

---

[1] Klement disputes the positive test results for three of the six samples taken on June 17, 2004. It does not dispute the positive test result for the batch charged in the information.

-4-

## ELEMENTS

8. The parties understand and agree that in order to sustain the charge set forth in count one of the information, the government must prove each of the following propositions beyond a reasonable doubt:

First, that the defendant is a firm in the business of processing meat and meat food products;

Second, that the defendant offered for sale and transportation in commerce articles capable of use as human food; and

Third, that such articles were not in compliance with the Federal Meat Inspection Act in that they were misbranded at the time of such offer for sale and transportation.

## SENTENCING PROVISIONS

9. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

10. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant, by its duly authorized representative, acknowledges and

-5-

agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

## Relevant Conduct

12. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which defendant is pleading guilty.

## Sentencing Guidelines Calculations

13. The parties acknowledge, understand, and agree that the sentencing guidelines recommendations included in this agreement represent the positions of the parties on the factors to be considered in calculating the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculation of the appropriate adjusted offense level, the government is not bound to make the recommendations contained in this agreement.

## Base Offense Level

14. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in count one is 6 under Sentencing Guidelines Manual

-6-

§ 2N2.1. The parties acknowledge, understand, and agree that there is no evidence that the defendant engaged in knowing or reckless conduct. The parties further acknowledge that Application Note 1 suggests a downward variance may be appropriate when only negligence was involved, and the parties agree that they have taken this Application Note into consideration when making the joint sentencing recommendation set forth in paragraph 21.

15. The parties further agree to recommend to the sentencing court that a fine be imposed pursuant to Sentencing Guidelines Manual § 8C2.10 and Title 18, United States Code, Sections 3553 and 3572.

## Sentencing Recommendations

16. Both parties reserve the right to advise the district court and the probation office of any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

17. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

18. The government and the defendant agree to recommend that a $50,000 fine be imposed as the sentence in this case.

## Court's Determinations at Sentencing

19. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The

-7-

parties further understand that the United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the application of the sentencing guidelines and may impose any sentence authorized by law up to the maximum penalties set forth in Paragraph 6 above. The parties further understand that the sentencing court may, in certain circumstances, depart either upward or downward from the otherwise applicable guideline range.

20. The parties acknowledge, understand, and agree that the defendant may not move to withdraw its guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

### Fine

21. As set forth in paragraph 18, the parties agree to recommend to the sentencing court that, under Sentencing Guidelines Manual § 8C2.10, the defendant pay a fine in the amount of $50,000. The defendant agrees to pay the fine at the time of sentencing.

### Special Assessment

22. The defendant agrees to pay the special assessment in the amount of $125 prior to or at the time of sentencing.

-8-

## DEFENDANT'S WAIVER OF RIGHTS

23. In entering this agreement, the defendant acknowledges and understands that in so doing it surrenders any claims it may have raised in any pretrial motion, as well as certain rights which include the following:

    a. If the defendant persisted in a plea of not guilty to the charge against it, the defendant would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

    b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and its attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

    c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

    d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and the defendant's counsel would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on its own behalf. The defendant would be entitled to compulsory process to call witnesses.

Case 2:10-cr-00177-PJG   Filed 09/17/10   Page 9 of 12   Document 2

24. The defendant, by its duly authorized representative, acknowledges and understands that by pleading guilty the defendant is waiving all the rights set forth above. The defendant further acknowledges the fact that its attorneys have explained these rights to the representative of the defendant and the consequences of its waiver of these rights.

25. The defendant, by its duly authorized representative, agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

## FURTHER CIVIL OR ADMINISTRATIVE ACTION

26. The parties acknowledge, understand, and agree that no civil, administrative, or regulatory action will be taken against the defendant in connection with the events that gave rise to the Information including the subject matter of any preceding investigation and any relevant conduct.

## GENERAL MATTERS

27. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

28. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

29. The defendant, by its duly authorized representative, acknowledges and understands if the defendant violates any term of this agreement at any time or engages in any further criminal activity prior to sentencing, this agreement shall become null and void at the discretion of the government. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant, by its duly authorized representative, hereby agrees that in the event of a breach, any time between the breach and the government's filing or reinstating of any charges shall be excluded for purposes of calculating the applicable statute of limitations. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

## VOLUNTARINESS OF DEFENDANT'S PLEA

30. The defendant, by its duly authorized representative, acknowledges, understands, and agrees that the defendant will plead guilty freely and voluntarily because it is in fact guilty. The defendant, by its duly authorized representative, further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am a duly authorized representative of the defendant. I am entering into this plea agreement on behalf of the defendant freely and voluntarily and with full knowledge and the express authorization of the Board of Directors of the defendant. The attorneys for the defendant have reviewed every part of this agreement with me and have advised me, on behalf of the defendant, of its implications. I have discussed all aspects of this case with the corporation's attorneys and I am satisfied that the attorneys for the corporation have provided effective assistance of counsel.

Date: 8-25-10

KLEMENT SAUSAGE COMPANY, INC.

By: *James T. Klement*
    CO-PRES.

We are the defendant's attorneys. We carefully have reviewed every part of this agreement with the defendant. To our knowledge, our client's decision to enter into this agreement is an informed and voluntary one.

Date: 9/2/10

DAVID S. ROSENBLOOM

Date: 9/2/10

JOCELYN D. FRANCOEUR

MCDERMOTT, WILL & EMERY
Attorneys for Defendant

For the United States of America:

Date: September 16, 2010

JAMES L. SANTELLE
United States Attorney

Date: 9/16/10

GORDON P. GIAMPIETRO
Assistant United States Attorney

-12-